```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>KARAH MOORE,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>Criminal No. 07-384 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

KARAH MOORE, *pro se*
Prisoner No. 41392-050
Federal Correctional Institution 2
Old North Carolina Highway 75
P.O. Box 1500
Butner, North Carolina 27509

OFFICE OF THE US ATTORNEY
By: Diana V. Carrig
U.S. Post Office Building
401 Market Street, 4th Fl.
Camden, NJ 08101

**IRENAS**, Senior District Judge:

    Pending before the Court is Defendant Karah Moore's, *pro se*, Motion to Reduce Sentence. For the reasons set forth below, Moore's Motion will be denied.

**I.**

    On December 20, 2007, Defendant Karah Moore pled guilty to two counts of a three count indictment. Under Count I, Moore pled guilty to conspiring with Raymond Morales and others to

distribute more than five kilograms of cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846. (Plea Agreement, at 1, Dkt. No. 16.) Under Count II, Moore pled guilty to the April 24, 2001 murder of Pedro Cruz by using and carrying a firearm during and in relation to the drug trafficking conspiracy described in Count I. (*Id*.) Count III of the indictment was dismissed. (*Id*.) Consequently, on March 23, 2010, Moore was sentenced to 204 months imprisonment to run concurrently on Counts I and II. (J. in a Criminal Case, Dkt. No. 20.)

On August 1, 2013, the Court received a letter from Moore detailing the vast coursework Moore has taken while imprisoned, including but not limited to a number of health and medical classes, vocational cooking classes, and life skills classes such as parenting and financial planning. (Mot. to Reduce Sentence, at 1-3, Dkt. No. 22.) Moore informed the Court that he has enrolled in these courses to broaden his horizons and secure gainful employment upon release from prison. (*Id*., at 1.) At the end of his letter, Moore asks the Court reduce his sentence pursuant to 18 U.S.C. § 3661 based on the efforts he has taken to improve himself while imprisoned. (*Id*., at 3.) The Court thus construes Moore's letter as a Motion to Reduce Sentence. The Government has asked the Court to deny Moore's Motion. (Gov.'s Letter Br., Aug. 8, 2013.)

**II.**

The Court commends Moore for his decision to spend his time in prison productively. However, there is no mechanism through which the Court can reduce his sentence at this time.

In his letter, Moore relies on 18 U.S.C. § 3661 ("§ 3661"). Section 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Section 3661 "codifies the longstanding principle that sentencing courts have broad discretion to consider various kinds of information." *U.S. v. Watts*, 519 U.S. 148, 151 (1997). Section 3661 applies both during sentencing, and at any subsequent resentencing. *Pepper v. U.S.*, 131 S. Ct. 1229, 1249 (U.S. 2011).

In the instant case, however, § 3661 does not apply. The Court already imposed a sentence when it sentenced Moore to 204 months on March 23, 2010. While § 3661 gave the court "broad discretion to consider various kinds of information" before imposing that sentence, it does not give the Court authority to later reduce that sentence.

Even looking beyond § 3661, the Court can find no basis for reducing Moore's sentence. For example, Fed. R. Crim. P. 35(a) allows a court to correct a sentence that resulted from

3

arithmetical, technical, or other clear error within fourteen days after sentencing. Fed. R. Crim. P. 35(a) clearly does not apply in the instant case because there is no allegation that the Court has committed any sort of "clear error," and sentencing occurred over three years ago.

Fed. R. Crim. P. 35(b) also does not apply. Fed. R. Crim. P. 35(b) allows the Court to reduce a sentence upon the government's motion if the defendant provided substantial assistance, after sentencing, to the government. In the instant case, Moore has not provided any such substantial assistance, and the Government has not moved for this Court to reduce his sentence.

18 U.S.C. § 3582(c) likewise does not apply. Section 3582(c) allows the Court to reduce a sentence in certain limited circumstances upon motion of the Director of the Bureau of Prisons. No such motion has been filed in the instant case.

Lastly, Moore cannot seek relief pursuant to 28 U.S.C § 2255. Section 2255 states that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In his plea agreement, Moore waived his right to file a motion

under § 2255.  (Plea Agreement, at 3, Dkt. No. 17.)  Further, the time period for filing a motion pursuant to § 2255 has long passed.  *See* 28 U.S.C. § 2255(f).

Overall, while the Court is pleased to hear of the steps Moore has taken to improve himself in prison and prepare for a life after prison, the Court has no grounds on which it can reduce Moore's sentence at this time.

## III.

For the foregoing reasons, Moore's Motion to Reduce Sentence is dismissed.  An appropriate Order will accompany this Opinion.


Dated: August 13th, 2013          /s/ Joseph E. Irenas          
                                          **Joseph E. Irenas**, **S.U.S.D.J.**